**MEMORANDUM OPINION**

May 21, 2009

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION**

In re:

JACKIE LEONARD  Case No. 09-32725
a/k/a C. J. LEONARD  Chapter 13

Debtor

BEFORE THE HONORABLE RICHARD STAIR, JR.

UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

   FOR THE DEBTOR:

   MS. JACKIE LEONARD, *PRO SE*
   Post Office Box 2122
   Knoxville, Tennessee 37901

   FOR THE UNITED STATES TRUSTEE:

   BECKY H. HALSEY, ESQ.
   Howard H. Baker, Jr. United States Courthouse
   800 Market Street, Suite 114
   Knoxville, Tennessee 37902

   CHAPTER 13 TRUSTEE:

   GWENDOLYN M. KERNEY, ESQ.
   Post Office Box 228
   Knoxville, Tennessee 37901

1            THE COURT: I am confronted with three matters in this Chapter 13

2    bankruptcy case filed by Jackie Leonard on May 15, 2009. First, the present case

3    represents the seventeenth (17th) case filed by Ms. Leonard since September 22, 1995,

4    and was filed in willful disregard of my Order dismissing a previously filed Chapter 13

5    case by Ms. Leonard requiring that any future case commenced by her be accompanied

6    by full payment of the filing fee. Second, contemporaneously with the filing of her

7    present Chapter 13 petition on May 15, 2009, Ms. Leonard filed a five-page

8    handwritten motion entitled "Emergency Motion for Injunction & Emergency Hearing

9    and Extension of Automatic Stay Under Ex Parte Relief" followed later that same

10   afternoon with a twelve-page handwritten document entitled "Amended Motion

11   (Emergency) for Injunction, Emergency Hearing & Extension of Automatic Stay Under

12   Ex Parte Relief Combined with Motion to Physically Stop Illegal Removal of Protected

13   Assets/Worldly Goods &/or Replevin Action." I will refer to these motions collectively

14   as the Motion for Injunction. Thirdly, Ms. Leonard filed a document at about 12:50 this

15   afternoon entitled "Motion For Voluntary Non-Suit or in the Alternative Dismissal

16   Without Prejudice of Chapter 13 Bankruptcy Filed Pro Se by Debtor."

17            As I noted, Ms. Leonard has filed seventeen (17) voluntary petitions under

18   Chapters 7 and 13 since September 22, 1995. Eleven (11) of these petitions were filed

19   in the Western District of Tennessee while the other six (6), more recent cases, have

20   been filed here in the Eastern District of Tennessee. The cases filed in the Western

21   District and their disposition are as follows:

22            (1) Case No. 95-30181 filed under Chapter 13 on September 22, 1995, and

23   dismissed on December 6, 1995.

24            (2) Case No. 95-33884 filed under Chapter 13 on December 14, 1995, and

25   dismissed on March 5, 1996.

1    (3)  Case No. 96-23792 filed under Chapter 13 on March 25, 1996, and
2    dismissed on June 27, 1996.
3    (4)  Case No. 96-30541 filed under Chapter 7 on August 21, 1996, and
4    dismissed on January 28, 1997.
5    (5)  Case No. 97-21357 filed under Chapter 7 on January 29, 1997, and
6    dismissed on February 24, 1997.
7    (6)  Case No. 97-25253 filed under Chapter 7 on April 11, 1997, and
8    dismissed on September 22, 1997.
9    (7)  Case No. 99-24457 filed under Chapter 7 on April 13, 1999, and
10    dismissed on April 23, 1999.
11    (8)  Case No. 04-39144 filed under Chapter 13 on December 10, 2004, and
12    dismissed on December 14, 2005.
13    (9)  Case No. 05-22419 filed under Chapter 13 on February 15, 2005, and
14    dismissed on July 6, 2005.
15    (10)  Case No. 05-30557 filed under Chapter 13 on July 15, 2005, and
16    dismissed on September 14, 2005.
17    (11)  Case No. 05-35229 filed under Chapter 13 on September 26, 2005, and
18    dismissed on January 6, 2006.
19    The cases filed before this court in the Eastern District of Tennessee are as
20    follows:
21    (1)  Case No. 06-31179 filed under Chapter 13 on June 5, 2006, and
22    dismissed on July 21, 2006.
23    (2)  Case No. 06-31647 filed under Chapter 13 on July 28, 2006, and
24    dismissed on August 17, 2006.
25    (3)  Case No. 07-32195 filed under Chapter 13 on July 11, 2007, and

1  dismissed on July 25, 2007.

2  (4) Case No. 08-31831 filed under Chapter 13 on April 25, 2008, and

3  dismissed on May 20, 2008.

4  (5) Case No. 09-32112 filed under Chapter 13 on April 17, 2009, and

5  dismissed on April 20, 2009.

6  (6) The present case, No. 09-32725, filed under Chapter 13 on May 15,

7  2009.

8  The court takes judicial notice that in none of the prior sixteen (16) cases has

9  Ms. Leonard obtained a discharge, nor, with regard to her Chapter 13 cases, has she had

10  a plan confirmed. Furthermore, Ms. Leonard has never paid the administrative or filing

11  fees required upon the commencement of any of her seventeen (17) bankruptcy cases,

12  including the current case. It was for this reason that, after dismissing the three (3)

13  prior cases filed by Ms. Leonard in which the filing fee had not been paid, the court, in

14  an Order entered on May 1, 2008, in Case No. 08-31831, denied Ms. Leonard's

15  application that she be allowed to pay the $274.00 filing fee by installments and

16  directed the filing fee be paid in full by May 15, 2008, or Ms. Leonard's case "will be

17  dismissed without further notice or hearing." When the filing fee was not paid, I

18  dismissed Case No. 08-31831 on May 20, 2008. The dismissal order also provided that:

19  "Any application to pay the filing fee in installments filed by the Debtor in conjunction

20  with a future bankruptcy case filed under title 11 will be denied and the case will be

21  summarily dismissed."

22  Ignoring the court's directive in the May 20, 2008 Order entered in Case

23  No. 08-31831, Ms. Leonard, on April 17, 2009, filed her sixteenth (16th) bankruptcy

24  case, No. 09-32112, with the voluntary petition accompanied by yet another application

25  to pay the filing fee by installments. As I instructed Ms. Leonard I would do in my

May 20, 2008 Order entered in Case No. 08-31831, I summarily dismissed Case No. 09-32112 on April 20, 2009.

Not to be deterred, Ms. Leonard filed the voluntary petition commencing the present Chapter 13 case on May 15, 2009, together with the Motion for Injunction. Again, the petition was accompanied by an application seeking to pay the filing fee by installments. Due to Ms. Leonard's vocal insistence at the Clerk's Office intake counter on May 15, 2009, that she required an emergency hearing on the Motion for Injunction, I did not summarily dismiss the present case. Rather, I opened court at 3:45 p.m. on Friday, May 15, 2009, approximately three (3) hours after the case was filed, to consider Ms. Leonard's Motion for Injunction. As best as I can gather, Ms. Leonard wanted me to enjoin a creditor, Papermill Storage, from disposing of documents and household goods which, again, if I correctly understand her representations in court on May 15, 2009, and in the Motion for Injunction, were being or had been sold for nonpayment of the storage fee associated with one or more rental units she maintains at Papermill Storage. Ms. Leonard also wanted me to send the United States Marshal out to Papermill Storage on May 15, 2009, to physically restrain that entity from disposing of her property.

Practically speaking, there is no automatic stay in effect to prohibit Papermill Storage or any other creditor from pursuing claims against Ms. Leonard or her property because Ms. Leonard has had two (2) bankruptcy cases, Nos. 08-31831 and 09-32112, pending and dismissed within the previous year. *See* 11 U.S.C. § 362(c)(4). Additionally, while Ms. Leonard has styled the Motion for Injunction as an adversary proceeding, she did not file a complaint and the court has treated the Motion for Injunction as a contested matter filed under Bankruptcy Rule 9014. Adversary proceedings include a proceeding to obtain an injunction, *see* Bankruptcy

5

1   Rule 7001(7), thus requiring the filing of a complaint and the issuance of a summons for
2   service on the defendant.  Rule 65 of the Federal Rules of Civil Procedure, made
3   applicable to adversary proceedings by Rule 7065 of the Federal Rules of Bankruptcy
4   Procedure, requires that a preliminary injunction may be issued by the court "only on
5   notice to the adverse party" and after a hearing.  The United States Court of Appeals for
6   the Sixth Circuit has interpreted Rule 65 to "impl[y] a hearing in which the defendant is
7   given a fair opportunity to oppose the application and to prepare for such opposition."
8   *Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.*, 511 F.3d 535, 552
9   (6th Cir. 2007).  Injunctions are extraordinary relief and will not be dealt with by this
10  court in the absence of strict compliance with the Federal Rules of Civil Procedure.
11  Here, the procedure has not been complied with and the court will not consider
12  Ms. Leonard's Motion for Injunction.  That motion will therefore be denied.
13          I advised the Clerk to give notice of this afternoon's hearing to Papermill
14  Storage solely so that that entity might be apprised of the Debtor's filing of the Motion
15  for Injunction and of the resulting actions taken by the court.
16          It is clear that Ms. Leonard has little, if any, regard for the bankruptcy
17  process or for the Orders of this court.  At the May 15, 2009 hearing on her Motion for
18  Injunction, she stated, under oath, that she had obtained the prepetition credit
19  counseling briefing required by 11 U.S.C. § 109(h)(1) on May 14, 2009.  I instructed
20  her to file the certificate evidencing her compliance with § 109(h)(1).  The certificate
21  remains unfiled.  I also instructed her, once again, to pay the $274.00 filing fee by
22  today's hearing.  The filing fee remains unpaid.
23          Ms. Leonard's present case will be dismissed, *sua sponte*, for her willful
24  failure to pay the filing fee as directed in my May 20, 2008 Order entered in Case
25  No. 08-31831.

> [A] debtor who makes serial filings to obtain the protection of the automatic stay in order to delay or thwart creditor action, while refusing to fulfill the duties imposed by the Code, faces imposition of the 180-day bar to refiling provided in 11 U.S.C. § 109(g).

Section 109(g) of the Code provides:

> (g) Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if:
>
> 1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case[.]

Section 109(g) represents the congressional response to the problem created by debtors who make serial filings to abuse the Code and creditors. The rationale underlying § 109(g) is that debtors should not be permitted to disrupt the court's processing of bankruptcy cases. Debtors covered by § 109(g)(1) have had their chance for bankruptcy relief and have wasted it. This subsection represents an appropriate response to isolated instances of debtor misconduct. *See In re Pike*, 258 B.R. 876, 881 (Bankr. S.D. Ohio 2001), and the various authorities quoted therein. *See also*, *In re Freeman*, 224 B.R. 376, 379 (Bankr. S.D. Ohio 1998) ("In order to prevent abuse of the bankruptcy process by bad-faith filings, courts have the authority to dismiss bankruptcy cases, enjoin future filings, and impose sanctions under §§ 105(a) and 109(g)(1)[a]."

Ms. Leonard's propensity to willfully ignore the court's Orders, specifically, the May 20, 2008 Order, requires that the dismissal order emanating from this hearing

1   place additional constraints on her conduct. To that end, and in accordance with

2   11 U.S.C. §§ 105(a) and 109(g), I will impose a 365-day refiling bar on Ms. Leonard's

3   ability to file another bankruptcy case under title 11. Ms. Leonard, should you choose

4   to ignore the refiling bar, as you have chosen to ignore other Orders I put down, I will

5   simply instruct the Bankruptcy Court Clerk not to accept any petitions you attempt to

6   file.

7          The Motion For Voluntary Non-Suit or in the Alternative Dismissal Without

8   Prejudice of Chapter 13 Bankruptcy Filed Pro Se by Debtor will be denied. This is just

9   another attempt, as I see it, to thwart the orderly bankruptcy process which this court

10  intends to follow.

11         I will ask the court reporter to transcribe this Memorandum. A copy of it

12  will be served on Ms. Leonard so she can read it, in case there is something that she

13  does not understand what I said today, and I expect you to read it. You will not file

14  another bankruptcy case under title 11 of the Bankruptcy Code for a year. After that

15  year expires, should you choose to file another case, any case filed utilizing an

16  application to pay filing fee by installments will be summarily denied. If you file a

17  Chapter 13 or Chapter 7 or Chapter 11 case applying for payment by installments, that

18  petition will be dismissed.

19  FILED: May 22, 2009

20                                          /s/ *Richard Stair, Jr.*
                                            RICHARD STAIR, JR.
21                                          U.S. BANKRUPTCY JUDGE

22

23

24

25